# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DAVID QUITZE BADILLO TEJEDA,**
    Petitioner,

  v.                                                               Case No. 25-cv-1995

**KRISTI NOAM, et al.,**
    Respondents.

---

## DECISION AND ORDER

Petitioner David Quitze Badillo Tejeda filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He indicates that he is being detained at the Dodge County Jail in Juneau, Wisconsin, by U.S. Immigration and Customs Enforcement in violation of the Due Process Clause and the Immigration and Nationality Act by denying him bond without finding by individualized assessment that he poses a flight risk or a danger to the community.

Badillo Tejeda is a Mexican citizen who entered the United States without inspection around 2003. Badillo Tejeda was granted DACA status at some point, and his DACA status was terminated in 2023. In August 2017 while still under DACA protection, Badillo Tejeda left the United States and returned under advance parole. Badillo Tejeda is currently married to a U.S citizen and has an 18-month-old U.S. citizen daughter. Badillo Tejeda's criminal history includes a charge for sexual assault which was dismissed.

The United States responded to the petition and states that 8 U.S.C. § 1225(b)(2) requires that Badillo Tejeda be held in mandatory detention during the administrative removal process. Respondents contend that noncitizens who enter the country without

being admitted or paroled are defined to be "applicant[s] for admission" under § 1225(a)(1), are therefore "seeking admission" under § 1225(b)(2)(A), and may not be released on bond under § 1226 because § 1225(b)(2)(A) requires mandatory detention. *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 2025 WL 2674169 (BIA Sept. 5, 2025).

As respondents note, several judges in the Eastern District of Wisconsin have ruled on this issue and there is a split of opinion. Judge Conway and I have held that the respondents' interpretation of § 1225(a)(1) is incorrect, which appears to be the majority position among districts nationwide. *See Ramirez Valverde v. Olson*, No. 25-cv-1502 (E.D. Wis. Oct. 29, 2025) (Conway, J.) (pending appeal); *De La Cruz v. Schmidt*, No. 25-cv-1562 (E.D. Wis. Nov. 19, 2025) (Adelman, J.). Two of my colleagues have agreed with respondents. *See Cirrus Rojas v. Olson*, No. 25-cv-1437 (E.D. Wis. Oct. 30, 2025) (Ludwig, J.) (pending appeal); *Ugarte-Arenas v. Olson*, No. 25-cv-1721 (E.D. Wis. Dec. 8, 2025) (Griesbach, J.). Judges in the Western District have uniformly ruled against respondents on this issue. *See Quinapanta v. Bondi*, No. 25-cv-795 (W.D. Wis. Nov. 12, 2025) (Conley, J.); *Paredes Padilla v. Galovich*, No. 25-cv-863 (W.D. Wis. Nov. 21, 2025) (Peterson, J.). Several other judges in this district have pending cases that present this issue. *See, e.g., Fuentes Gamez v. Smith*, No. 25-cv-1957 (E.D. Wis.) (Stadtmueller, J.); *Cano Ortega v. Olson*, No 25-cv-1919 (E.D. Wis.) (Pepper, C.J.), *Hernandez Herrera v. Olson*, No. 25-cv-1994 (E.D. Wis.) (Joseph, J.).

I again find that respondents' novel interpretation of § 1225 is incorrect. Respondents have not identified any material difference between this petition and the petitions I have previously granted. For the reasons explained in my November 19, 2025, decision in *De La Cruz*, Badillo Tejeda is properly classified under § 1226 pending his

removal action. I decline to reach the question of whether, or at what point, detention under 8 U.S.C. § 1226 violates the Fifth Amendment's Due Process clause.

In summary, I find that the petitioner's detention is "in violation of the Constitution or laws or treaties of the United States," specifically the Immigration and Nationality Act. 28 U.S.C. § 2241(c)(3). Therefore, **IT IS ORDERED** that the petition for a writ of habeas corpus is **GRANTED**. Petitioner must be afforded a bond hearing pursuant to 8 U.S.C. § 1226(a) within 10 days of this order.

Dated at Milwaukee, Wisconsin, this 5th day of January, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge